United States District Court
For the Northern District of California

1
2
3          UNITED STATES DISTRICT COURT
4          NORTHERN DISTRICT OF CALIFORNIA
5
6
7    GREGORY LEE GRAY,
8                    Petitioner,              No. C 10-0845 PJH (PR)
9        vs.                                  **ORDER OF DISMISSAL**
10   M. MCDONALD, Warden,
11                   Respondent.
12   _____/
13          This is a habeas case brought pro se by a state prisoner.  Petitioner has, however,
14   had a previous case attacking the same judgment, *Gray v. Runnels*, C 01-2880 PJH (PR).
15   That case was dismissed as barred by the statute of limitations and the dismissal was
16   affirmed on appeal.  A subsequent habeas petition directed to the same conviction, *Gray v.*
17   *Felker*, 09-2461 PJH (PR), was dismissed by this court as second or successive.  Petitioner
18   did not appeal that dismissal.
19          Although the current petition is on the court's form for new habeas petitions and
20   petitioner has not put a case number in the caption, in petitioner's list of issues he has
21   inserted "(Petitioner Motion for Reconsideration of Habeas Under Rule 60(b).)"  An
22   attachment to the petition is captioned "Petitioner's Motion for Reconsideration of Habeas
23   Corpus Under Rule 60(b)."  The attachment carries a case number, "970032-9," which
24   appears to be that of his criminal case in state court; the attachment is, however, headed
25   "United States District Court for the Northen District of California."
26          It may be that petitioner is attempting to file a motion to vacate under Rule 60(b) of
27   the Federal Rules of Civil Procedure, although his failure to say what judgment he wants
28   vacated or provide a case number is unhelpful.  Even if the petition were treated as a

  
1   motion to vacate under Rule 60(b), however, it still would be second or successive.  This is

2   because the United States Supreme Court has held that a Rule 60(b) motion that asserts a

3   basis for relief from a state court's judgment of conviction, is, if not in substance a

4   successive habeas petition, at least similar enough that failing to subject it to the same

5   requirements would be inconsistent with the habeas statute; in short, labeling a filing as a

6   Rule 60(b) motion does not avoid the rules for second or successive petitions.  *See*

7   *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005).

8           This petition (or motion) therefore is second or successive.  A habeas petitioner may

9   not file a second or successive petition unless he or she first obtains from the appropriate

10  United States Court of Appeals an order authorizing the filing.  *See* 28 U.S.C. §

11  2244(b)(3)(A).  Petitioner has not obtained such an order from the Ninth Circuit.  The

12  petition accordingly is **DISMISSED** without prejudice to filing a new petition if petitioner

13  obtains the necessary order.

14          The clerk shall close the file.

15          **IT IS SO ORDERED.**

16  Dated:  March 24, 2010.          _____

17                                          PHYLLIS J. HAMILTON
                                           United States District Judge

18

19

20

21

22

23

24

25

26

27

28  P:\PRO-SE\PJH\HC.10\GRAY0845.DSM.wpd