UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

GREGORY LEE GRAY,

    Petitioner,

vs.

M. MCDONALD, Warden,

    Respondent.

No. C 10-0845 PJH (PR)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas case under 28 U.S.C. § 2254 filed pro se by a state prisoner. The court dismissed the petition in a ruling entered on March 24, 2010, and judgment was entered that day. Petitioner has filed a timely notice of appeal and a motion for a certificate of appealability.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal as second or successive, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." *Id.* at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. *See id.*

The petition was dismissed because petitioner had a previous case attacking the same judgment, *Gray v. Runnels*, C 01-2880 PJH (PR). That case was dismissed as barred by the statute of limitations and the dismissal was affirmed on appeal. A subsequent habeas petition directed to the same conviction, *Gray v. Felker*, 09-2461 PJH (PR), was dismissed by this court as second or successive. Petitioner did not appeal that dismissal. And although petitioner referred at one place in the petition to a "Motion for Reconsideration of Habeas Under Rule 60(b)," it would not have helped petitioner to treat the petition as if it were a Rule 60(b) motion. In the Ninth Circuit such motions, if directed to a judgment of conviction, are subject to the same bar as a second or successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005).

Reasonable jurists would not find the court's assessment of the procedural issue debatable or wrong. The request for a certificate of appealability (document number 7 on the docket) is **DENIED**.

The clerk shall transmit the file, including a copy of this order, to the Court of Appeals. *See* Fed. R.App.P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Petitioner may then ask the Court of Appeals to issue the certificate, *see* R.App.P. 22(b)(1), or if he does not, the notice of appeal will be construed as such a request, *see* R.App.P. 22(b)(2).

**IT IS SO ORDERED.**

Dated: April 30, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.10\GRAY0845.COA.wpd